Antonio Cosme demandante y apelante, *v.* Josefa Santi González, demandada y apelada.

No. 4263.—*Visto:* Noviembre 30, 1927. *Resuelto:* Febrero 21, 1928.

Sentencia—Naturaleza y Requisitos *(Essentials)* en General—Emplazamiento o Notificación para Fundar en Ellos la Sentencia—Acciones Contra no Residentes—Acciones Personales. — Ejercitada acción personal contra un no residente y decretado el embargo de sus bienes para asegurar la efectividad de la sentencia, hasta tanto no queda dicho embargo trabado en forma mediante su anotación en el registro y notificación al demandado y tal anotación aparezca de los autos, la corte no adquiere jurisdicción sobre la materia ni puede ordenar su citación por edictos y fundar en tal notificación su sentencia.

Resolución de *Domingo Sepúlveda,* J. (San Juan), declarando con lugar moción interesando la nulidad de una sentencia dictada en rebeldía. *Confirmada.*

R. *Guillermety,* abogado del apelante; *Monserrat & Monserrat,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Antonio Cosme demandó a Josefa Santi reclamándole quince mil dólares por los daños y perjuicios que sufriera a virtud del desprendimiento de un pedazo de pared de una casa de la demandada que cayó sobre la cabeza del demandante en momentos en que pasaba por la acera de la calle de la Tanca de esta ciudad de San Juan en que está situada dicha casa.

Archivada la demanda, se presentó una solicitud de aseguramiento de sentencia. La corte, el 19 de mayo de 1926, decretó el aseguramiento previa fianza de tres mil dólares.

Aparece luego un mandamiento firmado por el márshal y fechado el 20 de mayo de 1926, dirigido al Registrador de la Propiedad de San Juan para embargar la casa No. 16 de la calle de la Tanca, seguido de una moción del demandante dirigida al márshal designando como bien de la demandada la indicada casa. Y consta un certificado del márshal que dice:

"Certifico:—Que en cumplimiento de la presente orden de embargo en el caso Civil No. 1446 y de acuerdo con las instrucciones al Márshal por el Abogado del Demandante, Lcdo. Rafael Guillermety, procedí a enviar mandamiento al Registro de la Propiedad de San Juan, Puerto Rico, Sección I, para que trabara el embargo en los libros de su Registro de la finca urbana que se describe en dicho mandamiento; copia del cual se adhiere a este diligenciamiento como complemento y parte del mismo en el presente caso, haciendo constar en él que la finca embargada responde solamente a la suma de Cinco Mil dollars ($5,000) por lo cual está tasada. (Firmado) EDUARDO URRUTIA, Márshal, por EUGENIO B. GÓMEZ, Sub-Márshal."

No consta de los autos lo que se hiciera en el registro.

Así las cosas, el demandante presentó a la corte una moción exponiendo que no habiéndole sido posible emplazar personalmente a la demandada por residir en Duarca, Asturias, España, o sea, fuera de la Isla, procedía que la corte dispusiera su emplazamiento por medio de edictos. A la moción se acompañó una declaración jurada. La corte dictó

la orden que se le pedía y el emplazamiento fué publicado en *La Correspondencia de Puerto Rico,* periódico que se edita en esta capital.

El 7 de agosto de 1926 el demandante pidió que se anotara la rebeldía de la demandada por no haber contestado dentro del término de ley.

Sin que conste si se anotó o no la rebeldía, aparece otra moción del demandante pidiendo la inclusión del pleito en el calendario y seguidamente una sentencia dictada por la corte el 27 de agosto de 1926, condenando a la demandada a pagar al demandante cuatro mil dólares.

El 21 de septiembre siguiente compareció la demandada por sus abogados y presentó una moción "con el solo y único objeto de pedir la nulidad de la sentencia." A tal efecto alegó que la acción ejercitada era puramente personal y que la corte nunca adquirió jurisdicción sobre la persona de la demandada, porque jamás ésta fué emplazada debidamente.

El demandante se opuso. Quedó así trabada la contienda. Y la corte finalmente, el 12 de febrero de 1927, anuló su sentencia de 27 de agosto de 1926 y todos los procedimientos anteriores a la misma relativos a la citación por publicación de la demandada. Y esa resolución de la corte es la que motiva el presente recurso de apelación interpuesto por el demandante.

Que la acción ejercitada es personal y que la demandada residía fuera de la Isla, son hechos que no cabe discutir. Siendo ello así, es aplicable la jurisprudencia que dice:

"Es un principio bien establecido que en una acción personal, cuando el demandado resida fuera de la jurisdicción de las cortes insulares, la citación no puede hacerse por edictos; en estos casos la publicación de la citación no puede estimarse como notificación al demandado que reside fuera de la isla, para fundar en ella una sentencia dictada en una acción personal; la notificación así hecha y el envío de una copia por correo según determina la ley, no da jurisdicción a la corte." Huete vs. Teillard, 17 D.P.R. 49.

Es cierto que existe la excepción establecida en el bien conocido caso de *Pennoyer* v. *Neff,* 95 U. S. 714, así:

"La sustitución del diligenciamiento por la publicación de edictos, o en cualquier otra forma que esté autorizada, es bastante para notificar a una persona que resida afuera, del objeto de los procedimientos establecidos, cuando ya la corte tiene jurisdicción sobre la materia objeto de la acción por virtud de embargo o algún acto semejante; pero cuando la acción se establece para determinar sus derechos personales y obligaciones, o sea, cuando es meramente una acción *in personam*, tal diligenciamiento hecho al demandado es ineficaz para todos los fines."

Y es cierto además que la parte demandante intentó acogerse a la excepción, pero ¿logró hacerlo?

Conocemos los hechos. La corte decretó el embargo, la parte demandante designó, por medio de su abogado, cierto bien inmueble como de la propiedad de la demandada y el márshal dirigió su mandamiento al registrador para que anotara el embargo sobre dicho bien inmueble, de acuerdo con la ley especial sobre la materia que dice: "El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el registro y notificándolos al demandado . . ." Sec. 9, Ley para asegurar efectividad de sentencias. Comp. 1911, p. 885.

El embargo no puede, pues, entenderse trabado hasta que quede anotado en el registro y notificado al demandado y como aquí no se demostró a la corte que el embargo ordenado había sido siquiera anotado en el registro, es claro que la corte no había adquirido jurisdicción sobre la materia y no tenía base alguna para ordenar la citación de la demandada por medio de edictos.

Y no se diga que debe presumirse que una vez librado el mandamiento quedó cumplido. Una casa puede existir inscrita a favor de alguien en el registro, un demandante puede designar aquella casa como de la propiedad del demandado y pedirle al márshal que la embargue, y un márshal puede librar el correspondiente mandamiento para que sea anotado el embargo en el registro y, eso no obstante, cuando el

mandamiento llegue al registro la verdad puede ser que la casa no esté inscrita a nombre del demandado. En tal caso la anotación sería imposible. Es necesario demostrar, pues, debidamente, que la orden decretando el embargo quedó cumplida, que el mandamiento surtió sus efectos, que el embargo fué una realidad, antes de que la corte actúe para que pueda hacerlo de una manera eficaz. De otro modo todo el edificio levantado, caerá, como cayó en este caso, por su base.

Habiendo llegado a la anterior conclusión, y siendo ella suficiente para sostener la resolución apelada, no es necesario considerar las otras interesantes cuestiones que se discuten en los alegatos de las partes.

Debe declararse sin lugar el recurso y *confirmarse la resolución apelada.*

El Juez Asociado Señor Texidor no intervino.