Wenonah Military Academy, demandante y apelada, *v.* Frank Antonsanti, demandado y apelante.

No. 4633.—*Sometido:* Mayo 10, 1929. *Resuelto:* Diciembre 11, 1929.

*Feliú & La Costa,* abogados del apelante; *Besosa & Besosa,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

The Wenonah Military Academy, una corporación de New Jersey, entabló demanda en la Corte de Distrito de San Juan contra Frank Antonsanti en cobro de $2,170.74, intereses y costas.

En la demanda se alegó que el demandado residía en Puerto Rico y de acuerdo con la 'alegación se expidió el emplazamiento. Al irlo a diligenciar, el márshal fué informado de que el demandado se encontraba fuera de la Isla y así lo reportó a la corte.

Aparece luego una solicitud de aseguramiento de sentencia y una orden de la corte decretando el embargo de bienes del demandado al efecto. Sigue una moción designando como bienes del demandado una porción de terreno situada dentro del municipio de San Juan. Y luego el mandamiento de embargo diligenciado así:

"CERTIFICO: Que en cumplimiento de la presente orden de embargo al dorso expresada y de acuerdo con la 'Moción Designando Bienes' hecha por el bufete de abogados Besosa & Besosa, procedí a embargar y embargué como de la propiedad del demandado Frank Antonsanti, lo siguiente:

" 'RÚSTICA—Porción de terreno en el barrio de Santurce, San Juan, P. R., cuyo solar se dice se compone de 2,955 metros. Está inscrita al folio 197 vto. tomo 58 de esta Capital, finca No. 2491, inscripción tercera; de esta finca se ha embargado el resto de la misma después de excluir las segregaciones, y responderá a los efectos de este embargo, por la cantidad de $2,670.74.'

"A los efectos de sustanciar el presente embargo expedí manda-miento dirigido al Registrador de la Propiedad de San Juan, Sec-ción Primera, con fecha 20 de junio de 1927, para que anotase en los libros de su registro el embargo sobre la finca arriba descrita, y entregué el referido Mandamiento al Ledo. Besosa Jr. para su pre-sentación al Registrador antes mencionado.

"San Juan, P. R., junio 21 de 1927.—(Fdo.) Eduardo Urrutia, Márshal, Corte de Distrito.

"Hay un sello de $3.00 cancelado, así como el sello del Márshal."

Los anteriores actos tuvieron lugar el 20 y el 21 de junio de 1927. El 30 de junio de 1927 el demandante solicitó que se citara por edictos al demandado por medio de una peti-ción jurada de acuerdo con la ley en la que se consigna que la dirección actual del demandado es así: "c/o J. A. Re-xach, 620 W. 116 St. New York City." El 1º de julio la corte dictó la orden solicitada decretando que el demandado fuera citado por edictos, enviándose además la citación di-rectamente a su actual residencia.

Consta que se dió debido cumplimiento a la orden de la corte publicándose los edictos en el periódico "El Mundo" de San Juan en los días 5, 13, 21 y 29 de julio y 6 de agosto de 1927.

El 25 de agosto de 1927 habiendo transcurrido el término concedido al demandado para hacer la gestión que estimara oportuna en el pleito sin que compareciera, el demandante solicitó que se anotara su rebeldía y se registrara sentencia en su contra.

El 17 de marzo de 1928 se dictó la sentencia así:

"En 20 de diciembre de 1927 fué anotada rebeldía contra el de-mandado en este caso, cuya rebeldía fué debidamente anotada por el Secretario de esta Corte.

"En 16 de marzo de 1928 se llamó para vista ex-parte este caso y comparecieron los Ledos. Besosa & Besosa por la demandante.

"Leídas las alegaciones y practicada la prueba propuesta por la demandante, quedó el caso concluso para sentencia y la Corte, en el día de hoy, después de considerar debidamente el caso, y habiéndose demostrado satisfactoriamente todas las alegaciones de la demanda y

que el demandado Frank Antonsanti, en realidad adeuda la suma de $2,170.74 a la demandante:

"POR LO TANTO, se declara con lugar la demanda y en su consecuencia se condena al demandado Frank Antonsanti a pagar a la demandante Wenonah Military Academy, la cantidad de $2,170.74, más intereses legales de esta suma desde la interposición de la demanda y las costas, sin incluir honorarios de abogado."

Así las cosas, el demandado el 13 de abril de 1928 presentó una moción a la corte por conducto de sus abogados Feliú & La Costa con el solo y único fin de pedir como pidió la nulidad de la sentencia por no haber sido debidamente notificado. A la moción se opuso por escrito la demandante, y la corte después de oír a ambas partes y de aquilatar las resultancias de los autos completados con los documentos acompañados a la oposición de la demandante, en 27 del propio mes de abril dictó una resolución cuya parte dispositiva dice:

"Se declara sin lugar la moción sobre nulidad de la sentencia."

Contra la anterior resolución de la corte es que se ha interpuesto el presente recurso de apelación.

Son hechos aceptados que se trata del ejercicio de una acción personal y que el demandado reside fuera de Puerto Rico, y es tan conocida la jurisprudencia que establece que en casos de acciones personales sólo puede adquirirse jurisdicción contra un demandado no residente citado por medio de edictos cuando se ha trabado embargo sobre sus bienes o ha ocurrido algún hecho semejante (*Pennoyer* v. *Neff*, 95 U.S. 714,) que ambas partes no lo discuten siquiera.

La controversia aquí se levanta sobre si es necesario que el embargo se encuentre ya trabado y conste la traba de los autos para que la orden de citación por edictos pueda librarse, y sobre si es necesario o no que el hecho del embargo se notifique también por edictos al demandado y ello conste del récord para que la corte pueda dictar válidamente sentencia contra él.

La parte apelante invoca en su alegato la siguiente jurisprudencia de esta Corte Suprema:

"Cuando se embargan bienes inmuebles el Márshal ha de recibir instrucciones de la parte haciéndose una reseña de los mismos, y su función se limitará a expedir el mandamiento por duplicado al Registrador de la Propiedad del respectivo distrito para su anotación en el Registro, haciéndose la correspondiente notificación al demandado, etc. etc. *Rodríguez* v. *Corte de Distrito de San Juan,* 31 D.P.R. 696.

"En la expedición del embargo e imposición del mismo en propiedad radicada dentro de la jurisdicción de la Corte deben observarse estrictamente los estatutos, que regulan tales procedimientos para hacer efectivo el diligenciamiento. *Huete* v. *Teillard,* 17 D.P.R. 54.

"La prohibición especial que contiene la sección 9 de la Ley sobre efectividad de sentencia que hemos transcrito regula también la notificación especial al dueño de la finca embargada. *Oliver* v. *El Registrador,* 22 D.P.R. 708.

"Ejercitada la acción personal contra un no residente y decretado el embargo de sus bienes para asegurar la efectividad de la sentencia hasta tanto no queda dicho embargo trabado en forma mediante su anotación en el Registro y notificación al demandado y tal anotación aparezca de los autos, la Corte no adquirirá jurisdicción sobre la materia ni puede ordenar su citación por edictos y fundar en tal notificación su sentencia. *Cosme* v. *Santi y González,* 37 D.P.R. 763."

En ninguno de los casos citados se resuelven las exactas cuestiones en éste levantadas.

En el primero (*Rodríguez* v. *Corte de Distrito*), se trataba de un embargo de frutos pendientes; en el segundo (*Huete* v. *Teillard*), se resolvió que la corte no adquirió jurisdicción porque no transcurrió el término de la publicación fijado por ella misma, y en el tercero (*Oliver* v. *Registrador*) se trataba principalmente de la prohibición de enajenar. Es el cuarto (*Cosme* v. *Santi*), el que guarda relación más estrecha con éste, pero en él no obstante haberse levantado la cuestión de nulidad, el demandante no probó que el embargo hubiera sido "siquiera anotado en el registro", mientras que en éste el demandante probó al levantarse la cuestión de nulidad que el embargo se había anotado en el registro y se le había notificado al demandado por correo a su residencia

de Nueva York por pliego certificado entregado al demandado.

Cuando la orden de citación por edictos se expidió ya el embargo estaba decretado y anotado en el registro, anotación que constituye en sí misma una notificación a todo el mundo. Faltaba sin embargo la notificación directa al demandado.

Ningún caso en esas condiciones se cita por el apelante y apreciando las circunstancias por nosotros mismos nos inclinamos a resolver que la corte tuvo jurisdicción para ordenar la citación del demandado por edictos.

Veamos ahora la situación del caso a la fecha del juicio.

No hay duda alguna que para esa fecha el embargo se había decretado y anotado en el registro, se había expedido la orden de citación por edictos, éstos se habían publicado debidamente y el término concedido al demandado había transcurrido con exceso sin que hiciera gestión alguna.

¿Había sido notificado del embargo el demandado? La ley exige que se le notifique. ¿Cómo? No lo dice. No hay duda alguna que sería una buena práctica incluir el hecho del embargo en la notificación por edictos cuando ésta puede hacerse, pero nos inclinamos a decidir que ello no es absolutamente necesario en un caso como éste cuyas circunstancias sobre el particular se expusieron bajo juramento por el abogado de la demandante, así:

"Que el embargo trabado en este caso es bueno y suficiente según lo requiere la ley y aunque de los datos posiblemente no aparezca el haberse notificado el mismo al demandado, el abogado que suscribe esta moción, jura que él fué el que envió copias de todas las alegaciones, órdenes y mandamientos en este pleito al iniciarse el mismo y afirma que envió a la dirección del demandado Frank Antonsanti, c/o J. A. Rexach, 620 W. 116 St., New York City, cuya dirección facilitó al abogado que suscribe, el Ledo. Ricardo La Costa Jr., copia fiel y exacta de la demanda, citación de edictos, moción de aseguramiento de sentencia, orden de aseguramiento de sentencia, mandamiento de embargo y moción designando los bienes que fueron embargados en este caso, y copia de la notificación de dicho embargo al

Registrador de la Propiedad por el Márshal igual al original que se adjunta a esta petición, teniendo la demandante en su poder el 'return receipt' en que consta el recibo de lo anterior por el demandado, cuyo recibo se adjunta y se hace formar parte de esta moción.''

Todo debió constar agregado a los autos cuando el pleito fué llamado para juicio, pero creemos que habiéndose comprobado durante el incidente que el embargo había sido decretado y trabado con anterioridad al juicio, se subsanó el defecto y quedó demostrado que la corte actuó durante la vista y cuando dictó la sentencia con plena jurisdicción sobre la parte demandada. Conviene recordar que la orden de embargo se decretó el 20 de junio, 1927, que el embargo se anotó en el registro el 21 de junio, 1927, que el pliego conteniendo la notificación fué entregado a Antonsanti en Nueva York el 18 de julio de 1927, que los edictos se publicaron el 5, 13, 21 y 28 de julio y 6 de agosto de 1927, que el 20 de diciembre, 1927, se anotó la rebeldía y que no fué hasta el año siguiente, el 16 de marzo, que se celebró el juicio y el 17 de marzo que se dictó la sentencia.

Siendo ésas las circunstancias peculiares del caso y revelando ellas una situación muy distinta a la del de *Cosme* v. *Santi, supra,* creemos que estuvo justificada la corte de distrito al negarse a anular los procedimientos y la sentencia.

*Debe confirmarse la resolución apelada.*