FÉLIX BENÍTEZ REXACH, demandante y apelante *v.* ARTURO RAMOS THULIER y CELESTINO BENÍTEZ, demandados y apelados.

No. 5391.—*Sometido:* Mayo 19, 1931. *Resuelto:* Julio 28, 1931.

*Adrián Agosto,* abogado del apelante; *Celestino Benítez,* como abogado, por su propio derecho.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En este caso se dictó sentencia sobre las alegaciones. La demanda es en cobro de dinero y se dirige contra Arturo Ramos y Celestino Benítez. Alega, en resumen, que el demandante Félix Benítez Rexach es el dueño de la casa de concreto de dos plantas No. 272 de la Calle de Loíza, Santurce, San Juan, desde el 15 de febrero de 1928; "que un señor Juan Quiñones era el 30 de enero de 1928 el que estaba encargado por el dueño de la casa antes mencionada, de la administración de dicha casa, y en tal concepto dicho Sr. Quiñones alquiló la misma al demandado Arturo Ramos Thulier, por el canon de $45 mensuales, pagaderos mensualmente el día 4 de cada mes, habiendo dicho demandado Sr. Ramos, para garantizar el fiel cumplimiento del pago mensual de los alquileres de la misma, constituído una fianza, la cual fué prestada por el otro demandado Sr. Benítez, el que se constituyó en fiador y principal pagador de la obliga-

ción contraída por el Sr. Ramos Thulier, suscribiendo ambos y entregando a dicho administrador dicha obligación, que copiada a la letra dice así:

" 'DOCUMENTO DE FIANZA.—Me constituyo fiador, principal pagador y único responsable de la suma de cuarenticinco pesos alquiler mensual de arrendamiento que ocupa D. Arturo Ramos, calle de Loíza número 272, cuya suma me obligo a satisfacer mensualmente a don Juan Quiñones, los días cuatro de cada mes, si antes no lo hubiese satisfecho mi fiado, sin dar lugar a reclamación de ninguna especie, pues en este caso me obligo igualmente a satisfacer todas las costas, costos y perjuicios que se originen, y entendiéndose especialmente, que esta garantía sólo dejará de tener efecto después de desocupada la expresada casa por mi fiado. Y para constancia con renuncia de todas las leyes que al efecto puedan favorecerme, incluso el domicilio, firmo el presente en San Juan, Puerto Rico, a 30 de enero de 1928. (Firmado) Arturo Ramos.—Celestino Benítez.—El arrendador viene obligado a dar noticia por escrito al fiador, tan pronto el fiado se constituya en mora por el pago mensual del arrendamiento.—(fdo.) Celestino Benítez;' "

que el demandado Ramos entró en posesión de la casa el 30 de enero de 1928 y en ella estuvo hasta el 5 de julio, 1928, en que fué desahuciado por haber dejado de pagar los cánones del arrendamiento desde el 15 de febrero hasta el 5 de julio de 1928 ascendentes a $210 que no han sido satisfechos por ninguno de los demandados a pesar de los requerimientos que se le han hecho; que el demandante se vió obligado a desahuciar judicialmente a Ramos y gastó en ello cien dólares, y que en cuanto Ramos se constituyó en mora, Benítez fué notificado.

No consta si el demandado Ramos compareció o no. El otro demandado Celestino Benítez compareció y alegó la excepción previa de que la demanda no aducía hechos suficientes para determinar una causa de acción. La excepción fué declarada con lugar y a instancias del demandante se registró sentencia desestimando la demanda que se apeló entonces para ante este tribunal.

En su relación del caso y opinión dijo, en parte, la corte sentenciadora:

"El documento de fianza que se copia en la demanda es sumamente obscuro y confuso. Sin embargo, no podemos abrigar duda alguna de que la fianza que constituyó el demandado Benítez lo fué a favor de Juan Quiñones, que no es la parte demandante en el presente caso. Dice la ley de modo expreso, 'que toda acción deberá ejercitarse a nombre de la parte realmente interesada.' De la simple lectura del documento vemos que el interesado en exigir la obligación suscrita por Benítez es Juan Quiñones que es persona distinta del demandante. No hay tampoco relación contractual alguna entre este Quiñones y el demandante, toda vez que no se alega en la demanda que las obligaciones contraídas a favor de Quiñones fuesen traspasadas en todos sus derechos al demandante. Por el documento de fianza que tenemos a la vista, Benítez se obligó a pagar por Ramos, pero no al demandante, sino a Juan Quiñones, y esta corte no está en condiciones por las propias alegaciones de la demanda de saber qué relaciones hubieran existido entre Quiñones y los anteriores dueños del inmueble o entre Quiñones y el actual propietario, demandante en esta acción. Cierto es que la ley civil dice: 'el comprador sustituye al vendedor en todos sus derechos y acciones', pero el vendedor en este caso, según aparece de la alegación segunda de la demanda, no es Juan Quiñones, sino otras personas distintas a saber, José Cruz Santana y Georgina Alejandro. No existiendo, a nuestro juicio, ninguna relación entre estas partes por la cual el actual propietario se hubiera sustituído en los derechos y acciones de Juan Quiñones, si algunos tuvo, y siendo también la fianza constituída a favor de Juan Quiñones puramente personal sin que pudiera éste endosarla a la orden de otra persona, la corte entiende que está bien alegada la excepción previa de falta de hechos, que es todo lo que la corte debe resolver en esta resolución, toda vez que fué lo único que discutieron las partes."

Dos errores señala el apelante en su alegato, a saber, 1, que erró la corte al declarar la demanda sin lugar no obstante haberse constituído Celestino Benítez en principal pagador y único responsable de los cánones debidos por Ramos, y 2, que erró también al decidir que el demandante no tiene causa de acción contra el demandado Celestino Benítez, por estar la obligación de fianza suscrita a favor de Juan

Quiñonés, persona distinta del demandante, y no ser endosable el documento.

■■ Los dos errores pueden examinarse conjuntamente. La verdadera cuestión a estudiar y a resolver es la de si la demanda alega hechos suficientes que hagan al demandado Celestino Benítez responsble para con el demandante Félix Benítez Rexach.

A nuestro juicio no obstante reconocer que el caso es dudoso y que los argumentos contenidos en la opinión de la corte de distrito tienen gran peso, nos parece que puede y debe concluirse que la demanda es suficiente ya que en ella se alega que Quiñones era el encargado de la casa por su dueño y en tal concepto la alquiló al demandado Ramos, y habiéndose constituído el demandado Benítez en "fiador, principal pagador y único responsable" del alquiler de la casa en cuestión, no importa que la fianza se extendiera a favor de Quiñones para que se concluya que lo fué a favor del dueño a quien Quiñones representaba.

La cuestión de que el contrato se celebrara cuando el demandante Benítez Rexach no era el dueño, no es importante. La entidad dueño continúa siendo la misma.

Además, no está desprovista de importancia la cita del artículo 1619 del Código Civil, en el caso excepcionado, que hace el apelante.

*Debe, en tal virtud, revocarse la sentencia apelada y dictarse otra declarando la excepción sin lugar, pero, atendidas todas las circunstancias concurrentes, permitiendo contestar al demandado dentro de un término de diez días contados a partir del en que esta sentencia nuestra sea registrada en el libro correspondiente de la corte de distrito.*