INÉS DE CHOUDENS, representada por su Defensor Judicial, FRANCISCO GARCÍA, demandante y apelada, *v.* RAFAEL PORTILLA, demandado y apelante.

Núm. 7488.—*Sometido:* Junio 2, 1938. *Resuelto:* Junio 13, 1939.

*J. M. Calderón, Jr.,* abogado del apelante; *C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Rafael Portilla radicó tres escritos de apelación contra otras tantas resoluciones de la corte de distrito. La primera apelación fué desestimada por este tribunal con fecha 25 de marzo de 1938. En su consecuencia, es innecesario que consideremos el primer señalamiento. La cuestión envuelta en la tercera apelación resulta académica por razones que no es menester hacer constar aquí y la apelación misma aparentemente ha sido abandonada.

El segundo señalamiento es que la corte de distrito erró al declarar sin lugar una moción para anular rebeldía y sentencia, relevar al demandado de esta última y permitir radicar contestación.

El demandado en su moción alegó substancialmente lo que sigue:

La demandante inició demanda de daños y perjuicios y embargó bienes del demandado, un residente fuera de la Isla de Puerto Rico, para darle jurisdicción a la corte; el embargo se practicó mediante la correspondiente anotación en el Registro de la Propiedad de San Juan con fecha 12 de junio de 1936; la demandante en julio 2 de 1936 solicitó se emplazara al demandado por edictos, lo cual fué concedido por orden de la corte de 10 del mismo mes y año; se envió por correo certificado, con acuse de recibo, una carta a la dirección donde se suponía estaba el demandado en la ciudad de Santander, España; no habiendo contestado el demandado dentro del término prescrito, se solicitó anotación de su rebeldía con fecha 5 de octubre de 1936; se celebró la vista del caso y se dictó sentencia en favor de la demandante el 24 de octubre de 1936; la carta, que consta en autos como recibida por el demandado, nunca llegó a sus manos, ya que quien la firmó fué su apoderado y hermano, Fernando Portilla; el demandado, debido a su estado de salud, ha residido desde hace más de dos años en un balneario de Bélgica, en donde no le había llegado noticia alguna, ni directa ni indirectamente, del procedimiento, ya por la prensa o en alguna otra forma; por información recibida últimamente de su hermano es que el demandado ha tenido conocimiento de la demanda radicada en su contra, por lo cual solicitó de Antonio Vallina, residente en la ciudad de Santander, que avisara a Manuel de la Cuétara, administrador del demandado en San Juan, para que diera los pasos necesarios en defensa de sus in-

tereses; es de conocimiento general que debido a la situación reinante en España están interrumpidas las comunicaciones, siendo imposible cursar regular y satisfactoriamente correspondencia ni comunicación alguna a dicho país; prueba de ello, que la carta a su administrador ha llegado vía Italia y Estados Unidos; se acompaña a la moción un proyecto de contestación; que hecha relación exacta, veraz y completa de los hechos de este caso y de las pruebas a su abogado, éste, después de conocerlos y aquilatarlos, entiende que según su leal saber y entender asiste al demandado una buena, suficiente y justa defensa en los méritos del caso y el demandado cree firmemente y de buena fe en dicha defensa.

En la súplica se pedía que:

Teniendo en cuenta la ausencia del **compareciente** de la jurisdicción, las circunstancias de la notificación del demandado, la situación reinante en España y el amplio sentido y espíritu del precepto del artículo 140 del Código de Enjuiciamiento Civil y el inciso 8 del artículo 7 del mismo código, así como sus correlativos, se deje sin efecto la rebeldía, se anule la sentencia recaída en el mismo, se releve al demandado de esta última y se le permita radicar su contestación, abriendo el caso de nuevo.

La moción estaba jurada por el letrado del demandado.

La demandante se opuso bajo juramento a la moción en la siguiente forma:

Por carta recibida del apoderado del demandado, en contestación a otra del abogado de la demandante de fecha 21 de julio de 1936, fué que la demandante obtuvo información al efecto de que el demandado Rafael Portilla residía en Alameda 1ra. núm. 16, 1ro., Santander, España. Que por instrucciones recibidas por el abogado de la demandante de dicho apoderado, o sea de Manuel Cuétara, fué que envió el Secretario de la Corte de Distrito la carta certificada conteniendo copia fiel de la demanda y de la citación, según alega el propio demandado. Dicha sentencia le fué notificada al demandado y se archivó copia de la notificación en los autos con fecha 27 de octubre de 1936. Niega la demandante que la carta que consta en autos como recibida por dicho demandado no llegó a manos de éste o a su poder; niega también que fuera el apoderado y hermano del demandado, o persona otra alguna, a excepción del demandado, quien estampó el nombre de éste en el acuse de recibo que obra en los

autos del caso. Por el contrario, alega la demandante que la carta aludida conteniendo copia de la demanda y del emplazamiento fué recibida por el demandado Rafael Portilla, siendo éste, conforme lo acredita el acuse de recibo recibido por el Secretario de la corte de distrito, entregado al propio demandado Rafael Portilla. Por falta de información y creencia niega la demandante que debido al estado de salud del demandado, o por causa otra alguna, dicho demandado ha residido y reside desde hace más de dos años, o durante fecha alguna, en un balneario, o sitio otro alguno, en Bélgica, y niega que no haya llegado a conocimiento del demandado noticia del procedimiento a que se refieren los presentes autos hasta el momento de radicar dicho demandado su moción de 4 de diciembre de 1936. Por el contrario, alega que el demandado Rafael Portilla ha tenido conocimiento de la reclamación de la demandante y ha sido notificado de la presente acción desde mucho antes del momento en que radicó su moción de 4 de diciembre de 1936 y desde el principio de la acción. Niega, por falta de información y creencia, que sea por información del hermano del demandado que éste haya tenido conocimiento de la demanda radicada en su contra, negando expresamente que haya sido últimamente que ha tenido dicho demandado noticias de la radicación de la demanda aludida. Por falta de suficiente información y creencia, niega que solicitara el demandado de Antonio Vallina—o de persona otra alguna, residente en Santander, España, o en cualquier otro sitio—que avisara a Cuétara, su administrador en esta ciudad de San Juan, para que diera los pasos necesarios en defensa de sus intereses, aceptando, sin embargo, que Manuel de la Cuétara es apoderado y administrador del demandado en la ciudad de San Juan y siempre ha estado avisado y ha tenido conocimiento de todos los procedimientos seguidos por la demandante, así como del propósito de ésta, desde que sufrió el accidente, de reclamar por los daños y perjuicios sufridos. Acepta que es de conocimiento general la guerra civil española, pero niega que debido a la situación reinante en España estén interrumpidas las comunicaciones, siendo imposible cursar satisfactoriamente correspondencia ni comunicación alguna con dicho país. Por el contrario alega que en la ciudad de Santander, España—en la que, según el administrador del demandado, Manuel Cuétara, residía y reside dicho demandado—ha habido siempre, y hay actualmente, una comunicación rápida y satisfactoria, siendo prueba de ello el acuse de recibo firmado por Rafael Portilla en la ciudad de Santander, España. Niega por falta de suficiente información y creencia que se le haya hecho al

abogado del demandado una relación exacta, veraz y completa de los hechos del caso y de las pruebas del abogado del demandado, y niega enfáticamente que de una relación exacta, veraz y completa— de habérsele hecho ésta—entienda, o pueda entender de manera alguna el abogado del demandado, que éste tenga una buena, suficiente y justa defensa en los méritos; y niega la demandante, por información y creencia, que el demandado o su abogado creen firmemente y de buena fe en las supuestas defensas que dice tener el demandado. Por el contrario, alega que al demandado no asiste una buena y justa defensa, que la misma no es meritoria y que así surge de una investigación de los hechos. Continúa alegando que hizo gestiones y esfuerzos, antes, después y durante todo el pleito, a través de sus abogados, para imponer al demandado de los derechos de la demandante, así como de todas las actuaciones llevadas a cabo, y que el administrador del demandado, Manuel Cuétara, fué en todo momento informado y dió a dicho demandado pleno y cabal conocimiento de todas las actuaciones de la demandante antes, después y durante el pleito; que con fecha 28 de octubre de 1936, o sea mucho más de un mes antes de hacer su primera comparecencia general en autos el demandado, los abogados de éste escribieron una carta a los de la demandante, por la cual se muestra que dicho demandado tenía, desde antes de esa fecha, conocimiento pleno de la acción entablada en su contra, así como de haberse dictado sentencia en dicho caso.

### Conforme indica el juez de distrito:

De los autos aparece que el secretario expidió el 9 de junio de 1936 mandamiento al márshal para el embargo de bienes del demandado; que la demandante señaló como bienes a embargar del demandado, en 12 de junio del mismo año, cierta casa y solar; que el márshal, según el certificado de diligenciamiento, embargó dicha finca, remitiendo mandamiento por duplicado al Registrador de la propiedad, y que en 27 del mismo mes el márshal expidió mandamiento enmendado al Registrador, especificando los linderos de la finca, y el Registrador en 29 de junio anotó el embargo.

En 9 de junio de 1936 el Secretario expidió emplazamiento para la citación del demandado y dicho emplazamiento fué devuelto sin diligenciar por el márshal en 12 de junio de 1936, por no estar residiendo el demandado en Puerto Rico y encontrarse, según información obtenida, que creía cierta, en la República de España.

Que en 2 de julio de 1936, o sea con posterioridad al embargo y su anotación, la demandante presentó solicitud jurada para la citación del demandado por edictos por ignorarse su paradero. La demanda estaba jurada y la solicitud contenía los requisitos de ley. La corte, en 10 de julio de 1936, ordenó la publicación del edicto y el mismo se publicó. En 4 de septiembre de 1936, la demandante presentó moción para que se ordenara el envío por correo al demandado de una copia de la demanda y de la citación al cuidado de don Fernando Portilla, Alameda 1ra. núm. 16, 1ro., Santander, España. La corte así lo dispuso y el Secretario cumplió lo ordenado en 4 de septiembre, según aparece de la diligencia y de copia de una carta, procediendo a enviar por correo certificado las referidas copias. Está unida a los autos la tarjeta, con recibo oficial del correo, acreditando que fué entregada al destinatario en Santander el 29 de septiembre de 1936, y apareciendo una firma que dice: "Rafael Portilla".

En 5 de octubre de 1936 la demandante solicitó del secretario que anotase la rebeldía del demandado y que se incluyera el caso en el calendario especial para la práctica de la evidencia. El secretario lo hizo así el 8 de octubre de 1936. La demandante compareció ante la corte el día 9 de dicho mes y año, cuando se celebró el juicio. La sentencia se dictó el 24 de octubre. La notificación se hizo en 27 de octubre, enviando el original por correo a la misma dirección a que se remitiera la copia de la demanda y citación y que aparecía recibida por el demandado, según la tarjeta o recibo del correo. La sentencia de este modo quedó firme el 28 de noviembre de 1936.

Todos los requisitos para que la corte adquiriera jurisdicción sobre la persona del demandado fueron cumplidos. Cuando se ordenó la citación del demandado por medio de edictos en 2 de julio de 1936, ya el embargo se había practicado sobre la propiedad inmueble y anotado en el registro a virtud de los mandamientos, original y enmendado, expedidos por el márshal. La anotación aparece en el mandamiento original con fecha 29 de junio. *Cosme* v. *Santi González*, 37 D.P.R. 763, 766. Si bien es cierto que no consta de los autos que del embargo se hiciera una notificación directa al demandado—bien remitiéndole copia de los documentos por correo o expresándolo en los edictos—la notificación fué constructiva mediante su anotación en el Registro de la Propiedad, lo que constituye en sí misma una notificación a todo el mundo. La ley no dice la forma de notificación. *Wenonah Military Academy* v. *Antonsanti,* 40 D.P.R. 263, 268. En 5 de diciembre, o sea después de ser firme

la sentencia, compareció el demandado y presentó su moción. La comparecencia del demandado es de carácter general y voluntario, y se sometió así a la jurisdicción del tribunal, retrotrayéndose al tiempo del juicio, no obstante cualquier irregularidad en el procedimiento. 2 Bancroft's Code Practice and Remedies 1189; *Cosme* v. *Santi González*, supra. El demandado en su moción no impugna la jurisdicción de la corte, ni los procedimientos seguidos, pues se funda en el artículo 140 del Código de Enjuiciamiento Civil, dentro de la discreción judicial, y en el artículo 7, inciso 8, del mismo código, que faculta al Juez para inspeccionar y corregir providencias y órdenes para ajustarlas a la ley y a la justicia.

La contestación del demandado se limita a negar específicamente las alegaciones esenciales de la demanda, excepto la propiedad del inmueble y su arrendamiento, y aduce como única defensa que por mediación de su administrador Manuel de la Cuétara, el demandado había ajustado los servicios de un contratista independiente, quien llevó a efecto la reparación de la ventana que causó el daño a la demandante, sin su intervención, restricción o control de él o de su administrador, con excepción del resultado del trabajo.

Se señaló el 8 de febrero de 1937 para oír a las partes en relación con la moción del demandado y con el escrito de oposición de la demandante. Las partes comparecieron por sus respectivos abogados. El demandado sometió su moción por el expediente completo del caso y por los dos alegatos por él presentados. La demandante practicó evidencia testifical y documental y radicó alegato en contestación. La moción del demandado está jurada por su abogado, excepto aquellos hechos alegados por información y creencia, los cuales dicho abogado también cree ciertos. Esos juramentos por el abogado son defectuosos, ya que no expresan en sitio alguno qué hechos son ciertos y le constan de propio conocimiento y cuáles conoce por información y creencia. Artículo 118 del Código de Enjuiciamiento Civil y *Nazario* v. *Atlas Assurance Co.*, 24 D.P.R. 358. "Los juramentos son actos solemnes que deben realizarse conscientemente, dándose cuenta su autor de la responsabilidad que contrae, y deben hacerse constar en forma clara y precisa y no de modo vago e indeterminado." *Pérez* v. *El Consejo Ejecutivo*, 16 D.P.R. 712. Pero aun asumiendo que el juramento fuera válido, éste es sólo un requisito del procedimiento que no tiene el valor probatorio de una declaración que está sujeta a repreguntas de la parte contraria. *Puig* v. *Torres* 43 * D.P.R. 917 (*sic*). Estando contro-

---

* Debe ser 46 D.P.R.

vertidas y negadas bajo juramento las alegaciones en que se funda la moción del demandado para que la corte ejercite su discreción, y no presentándose evidencia en apoyo de las mismas, procede desestimarla de plano. Sin embargo, la demandante practicó evidencia en contrario tendente a demostrar que el demandado, y su administrador, desde el comienzo de la acción en 8 de junio de 1936 tenían conocimiento de la misma y no compareció a defenderse hasta el 5 de diciembre, o sea unos seis meses después, cuando ya había sentencia firme. Además de la anotación del embargo en el registro el 29 de junio, que lleva el conocimiento de la acción al demandado, se presentó evidencia tendente a demostrar que en 18 de marzo los abogados de la demandante dirigieron una carta a Manuel Cuétara, como apoderado de Rafael Portilla, comunicándole que estaban encargados de tramitar la reclamación, haciéndole una exposición de la misma, y que el asunto podía arreglarse extrajudicialmente. Cuétara estuvo en el bufete de los letrados de la demandante el 21 de marzo, según aparece de la carta de mayo 5, con relación al asunto, quedando éste pendiente durante un mes o mes y medio con objeto de facilitar una consulta con Portilla, que residía en España. La demanda se presentó en 8 de junio y en 21 de julio los abogados de la demandante dirigieron otra carta a Cuétara comunicándole el establecimiento de la acción y pidiéndole además la dirección de Portilla para remitirle copia de la demanda, del mandamiento de embargo y de la citación, y sugiriéndole que lo comunicara a Portilla para que éste tuviera amplia oportunidad de comparecer en defensa de los derechos que pudieran asistirle. Cuétara contestó el 30 de julio dando la dirección de Portilla en Santander, España. Esta dirección sirvió para que el secretario le dirigiera copia de la demanda y de la citación en 4 de septiembre, y la carta fué entregada al destinatario (*addressee*) el 29 de dicho mes y año en Santander. En 27 de octubre, o sea tres días después de dictada la sentencia, los abogados de la demandante dirigieron otra carta a Cuétara, comunicándole el pronunciamiento de la misma y el mismo abogado que posteriormente radicó la moción del demandado, les contestó en 28 de octubre. Este abogado en su respuesta dice que "nuestro representado el Sr. Cuétara nos ha traído una carta en la cual ustedes dicen haber obtenido una sentencia contra Portilla en la Corte de Distrito de San Juan." El abogado entonces solicita el número del caso a los fines de radicar ante la corte las defensas legales pertinentes a los derechos de su representado. Uno de los abogados de

la demandante contestó esa carta al día siguiente, dándole las fechas de la sentencia y de la notificación a las partes y el número 25,284 del expediente. El redactor de la carta ambigua dirigida a los letrados de la demandante compareció posteriormente en el pleito representando al demandado Portilla, y, a falta de evidencia en contrario, se presume que actúa a nombre de la persona que figura como su cliente. *Miranda* v. *Pesquera*, 49 D.P.R. 239. Claramente aparece que el demandado ha tenido conocimiento, paso por paso, de los procedimientos judiciales desde antes de su iniciación, y no habiéndose presentado prueba para sostener la moción, ni alegándose defensa meritoria alguna en oposición a la demanda, el anular los procedimientos constituiría bajo las circunstancias peculiares del caso, más bien un abuso de discreción que el ejercicio sano de la misma. El caso es similar al de *Wenonah Military Academy* v. *Antonsanti, supra*, y muy distinto al de *Cosme* v. *Santi, supra*. Es de conocimiento general la existencia de una guerra civil en España. Y, si como se alega por el demandado, él ha residido y reside desde hace más de dos años en un balneario de Bélgica, la situación que pueda existir en España con motivo de dicha guerra, que hiciera imposible cursar regular y satisfactoriamente correspondencia ni comunicación alguna a dicho país, nada tendría que ver con el caso, además de que, en cuanto se refiere al correo de los Estados Unidos y Santander, España, no parece que existe interrupción alguna, si en 29 de septiembre se entregó a la dirección del demandado, suministrada por su administrador o apoderado en Puerto Rico, Cuétara, el pliego que enviara el secretario de la corte, según la tarjeta oficial firmada: "Rafael Portilla". Y si ésta no era la firma de Portilla y si su apoderado y hermano Fernando Portilla (residente en Santander, España) estampó el nombre de Rafael Portilla en el acuse de recibo, fácil era demostrar que su hermano no estaba autorizado para realizar el acto que ejecutó.

No hallamos error en la apreciación de la prueba ni en las conclusiones a que llegó el juez de distrito en relación con ninguna de las cuestiones levantadas en la moción del demandado. Esa moción no fué una comparecencia especial, hecha con el único fin de plantear una cuestión de jurisdicción. No levantó ni adujo ninguna cuestión jurisdiccional.

Por el contrario, el demandado invocó la facultad discrecional de la corte bajo los artículos 7 y 140 del Código de Enjuiciamiento Civil y solicitó un remedio afirmativo. La moción equivalió a una comparecencia general.

La corte de distrito no cometió el error imputado por el apelante en su segundo señalamiento. La argumentación contenida en el alegato del apelante no discute las cuestiones aducidas en la moción por él presentada en la corte de distrito ni parece estar muy en armonía con el segundo señalamiento. Es substancialmente al efecto de que la sentencia de la corte de distrito es nula por falta de jurisdicción, primero, porque el *affidavit* en que la corte de distrito basó su resolución autorizando la publicación del edicto es contrario a la ley y a la jurisprudencia, y, segundo, porque la corte nunca adquirió jurisdicción sobre el demandado.

En lo que se refiere a cualquier cuestión levantada por la moción del demandado en la corte de distrito, el apelante meramente cita o copia de los casos de *Fernández* v. *Pescay,* 26 D.P.R. 808; *Benítez Rexach* v. *Benítez,* 42 D.P.R. 781 (*sic*) y *Sierra* v. *P. Longo & Co.,* 45 D.P.R. 810.

Además de ser el segundo señalamiento demasiado general, bastaría decir que el apelante, a virtud de su comparecencia general ante la corte de distrito, está ahora impedido de levantar las cuestiones jurisdiccionales que discute en su alegato. Podemos agregar, sin embargo, que hemos examinado esas cuestiones lo suficiente para que nos convenzamos de que de todos modos no debe revocarse la resolución declarando sin lugar la moción del demandado.

*Debe confirmarse la resolución de la corte de distrito.*

El Juez Asociado Sr. De Jesús no intervino.