HUETE *v.* TEILLARD.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 575.—Resuelto en enero 18, 1911.

CITACIÓN—CITACIÓN DEFECTUOSA.—La enmienda á una citación no. es práctica autorizada por el Código de Enjuiciamiento Civil; si por algún motivo una citación es defectuosa, debe expedirse una nueva citación, a instancia de la parte, pero no hay precepto alguno que autorice la enmienda de una citación, de tal modo que tenga efecto desde que se expidiera originalmente.

ID.—CITACIÓN POR EDICTOS—ACCIÓN PERSONAL.—Es un principio bien establecido que en una acción personal, cuando el demandado resida fuera de la

jurisdicción de las cortes insulares, la citación no puede hacerse por edictos; en estos casos la publicación de la citación no puede estimarse como notificación al demandado que reside fuera de la isla, para fundar en ella una sentencia dictada en una acción personal; la notificación así hecha y el envío de una copia por correo según determina la ley, no da jurisdicción a la corte.

ID.—ORDEN AUTORIZANDO LA PUBLICACIÓN DE LA CITACIÓN.—La orden autorizando la publicación de una citación, no puede dictarse antes de que se expida tal citación. El primer paso que hay que dar es obtener la expedición de la citación por el secretario, sin intervención del juez, y entregada la citación al marshal, el juez, en casos justificados ordenará entonces su publicación en la forma que dispone la ley; estos requisitos deben cumplirse estrictamente.

ID.—PROCEDIMIENTOS IN REM—EMBARGO DE BIENES DEL DEMANDADO.—En procedimientos *in rem,* esto es, en aquellos casos en que la ley autoriza el embargo y secuestro de los bienes pertenecientes al demandado, situados dentro del distrito judicial, el emplazamiento puede hacerse por edictos, y la sentencia puede válidamente dictarse por virtud de tal emplazamiento.

ID.—En la expedición y ejecución de un embargo sobre bienes situados dentro de la jurisdicción de la corte, los procedimientos prescritos por la ley deben seguirse cuidadosamente a fin de que la citación al demandado sea eficaz.

ID.—TÉRMINO DE PUBLICACIÓN.—El término de publicación de la citación, depende, hasta cierto punto, de la discreción de la corte, pues la ley sólo dispone que se hará por lo menos, una vez por semana, y por un término no menor de un mes; pero la corte debe fijar en su resolución el tiempo por el que han de publicarse los edictos, y si ese tiempo se fija en días, habrá de computarse de tal modo que desde el día en que aparezca el primer edicto hasta aquel en que aparezca el último, haya transcurrido todo el término fijado por la corte.

ID.—JURISDICCIÓN.—La publicación de los edictos por el término dispuesto es necesaria para conferir jurisdicción sobre la persona del demandado, y si la resolución de la corte no se cumpliera estrictamente, la corte carece de facultades para resolver si el demandado ha tenido, o no, suficiente aviso, y si el emplazamiento fué publicado o no, por un término suficiente, pues la única cuestión que la corte puede considerar y resolver es la de si su orden disponiendo la publicación fué o no, cumplida en todas sus partes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francis H. Dexter.*

Abogado del apelado: *Sr. José Benet.*

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

En este pleito la Corte de Distrito de Mayagüez dictó en 13 de mayo último, la siguiente sentencia:

"Esta causa fué llamada para juicio el día 30 de abril de 1910, compareciendo el demandante por su abogado Don José Benet, sin que

compareciera la demandada, cuya rebeldía consta anotada en el récord. Oídos los alegatos, la prueba practicada y los argumentos del letrado concurrente, la corte reservó su decisión hasta el día de hoy en que declara que la ley y. los hechos están a favor del demandante, en su consecuencia declara con lugar la demanda y ordena que el demandante recobre de la demandada la suma de doscientos dollars, cincuenta centavos, en concepto de contribuciones pagadas a favor de dicha demandada y la suma de doscientos veinte y cinco dollars, por atenciones, cuidado y vigilancia del terreno de la demandada, desde el año 1894 hasta el año 1909, y se imponen las costas a la demandada. Regístrese esta sentencia en el libro correspondiente de esta corte y líbrese mandamiento al marshal para su cumplimiento.''

Contra este sentencia se interpuso apelación a su debido tiempo, haciendo mención el apelante en su alegato de. dos errores, que son como siguen:

''1. Que no se ha efectuado ningún emplazamiento legal, por haberse decretado la segunda orden de publicación antes de que, se expidiera el emplazamiento nuevo.

''2. El edicto no fué publicado durante los cuarenta días exigidos por la ley y según se requirió por la orden de la corte.''

Consideremos dichos errores en el orden en que han sido presentados. ¿Se ha hecho entonces la citación en debida forma? Dos citaciones se dirigieron en este caso al demandado, con el fin de que compareciera en la corte, a contestar la demanda que contra él se presentó. La primera estaba fechada en 6 de septiembre de 1909, y la segunda en 28 de enero de 1910.

En 23 de septiembre de 1909, se ordenó que el servicio del emplazamiento en esta causa se hiciera por medio de edictos. Posteriormente, en 13 de enero último, se presentó una solicitud a la corte en la que se interesaba que se dictase una orden de embargo contra la propiedad del demandado, embargo que fué decretado en 18 del mismo mes. El día 20 se prestó la fianza, procediéndose al embargo de la propiedad del demandado. En 25 de dicho mes el demandante presentó una moción a la corte para enmendar el emplazamiento que

ya se había expedido, con el fin de que la propiedad embargada apareciera descrita en el emplazamiento. El día 27 del propio mes la corte dictó la siguiente orden:

"Vista la petición del demandante presentada en 25 de enero de 1910, se ordena se libre nuevo emplazamiento por el secretario en la forma solicitada y, que dicho emplazamiento sea publicado en el periódico *La Bandera Americana* de esta ciudad, cuyo periódico se designa como el que con más probabilidad servirá para avisar a la demandada, y que la publicación se haga en la forma determinada en la orden de esta corte de 23 de septiembre de 1909, enviándose también una copia del nuevo emplazamiento bajo sobre certificado, a la última residencia de la demandada."

Al siguiente día se expidió el nuevo emplazamiento titulado "emplazamiento enmendado." Dicho emplazamiento fué publicado en "La Bandera Americana," periódico que se edita en Mayagüez, en debida forma, durante los días 3, 7, 14 y 21 de febrero, y el 1º. y 8 de marzo de 1910.

En 28 de abril de 1910, se anotó la rebeldía, por no haberse contestado la demanda. Y habiéndose incluído el caso en el calendario, la vista del mismo se celebró en 30 de abril, quedando sometido a la consideración de la corte hasta el día 13 de mayo en que se dictó sentencia a favor del demandante. En 10 de mayo de 1910, compareció el abogado F. H. Dexter Esq., sola y exclusivamente para impugnar la jurisdicción de la corte exponiendo las razones que tenía para hacer tal impugnación. De esta breve relación que hemos hecho, podemos examinar inmediatamente y resolver acerca de los supuestos errores de la corte inferior.

Enmendar un emplazamiento es una práctica desconocida en nuestro Código de Enjuiciamiento Civil. Si por cualquier motivo resulta defectuoso un emplazamiento y no llena su objeto, entonces puede y debe expedirse un nuevo emplazamiento al hacerse la debida solicitud; pero no podemos encontrar ninguna autoridad que autorice se hagan enmiendas a un emplazamiento defectuoso para hacerlo eficaz y surta sus efectos desde la fecha en que fué originalmente expedido.

Está bien establecido que en una acción personal contra una persona que resida fuera de la jurisdicción de nuestras cortes insulares, el diligenciamiento del emplazamiento no puede hacerse por publicación o edicto. Se ha resuelto por el Tribunal Supremo de los Estados Unidos que:

"Que una sentencia dictada en una acción personal es nula si la dicta una corte de Estado en un pleito sobre cobro de dinero contra uno que no reside en el Estado, y a quien se hizo el emplazamiento por medio de edictos, no haciéndole entrega personal de la citación dentro del Estado, y quien no hizo ninguna comparecencia; no pudiendo traspasarse su propiedad mediante venta con motivo de embargo por virtud de una sentencia.

"La sustitución del diligenciamiento por la publicación de edictos, o en cualquier otra forma que esté autorizada, es bastante para notificar a una persona que resida fuera, del objeto de los procedimientos establecidos, cuando ya la corte tiene jurisdicción sobre la materia objeto de la acción por virtud de embargo o algún acto semejante; pero cuando la acción se establece para determinar sus derechos personales y obligaciones, o sea, cuando es meramente una acción *in personam,* tal diligenciamiento hecho al demandado es ineficaz para todos los fines."

*Pennoyer* v. *Neff,* 95 U. S., 714.

Este caso ha sido citado repetidamente con aprobación y observado generalmente durante los últimos treinta años, entre otras cortes por la de California, en el caso de *De La Montanya* v. *De La Montanya,* 112 Cal., 109. Por consiguiente, de acuerdo con la doctrina enunciada en el caso de *Pennoyer* v. *Neff,* que ha sido bien establecida, no puede hacerse emplazamiento alguno fuera de la isla, en el cual pueda fundarse una sentencia dictada en una acción personal, como lo fué la dictada en este caso. La primer tentativa para hacer el emplazamiento fué frívola y no debe ser tomada en consideración.

Pero, ¿fué válido el nuevo emplazamiento? Dejemos a un lado el error en que se ha incurrido al llamarle "emplazamiento enmendado," y considerémoslo como uno nuevo en absoluto. Ciertamente que dicho emplazamiento no fué ex-

pedido en la forma ordinaria, puesto que la orden para su publicación se dictó con anterioridad a que la citación fuera expedida, lo que está prohibido por la ley. Con arreglo a la jurisprudencia de California, en donde existe un Código de Enjuiciamiento Civil parecido al nuestro, la primer diligencia que se hace es la expedición del emplazamiento; y esto lo hace el secretario sin la intervención del juez, éste, previa justa causa, y después de entregarse el emplazamiento al márshal o funcionario encargado de cumplimentarlo, ordena que se haga la publicación en la forma que dispone el estatuto. Esta no es una cuestión insignificante y sí un requisito de la ley que debe observarse estrictamente.

*Pueblo* v. *Huber,* 20 Cal., 82.

*Forbes.* v. *Hyde,* 31 Cal., 351.

*Cohn* v. *Kember,* 47 Cal., 145.

Por tanto, en un caso pura y exclusivamente personal, la corte no puede adquirir jurisdicción sobre un demandado que esté ausente y al otro lado de los mares "por una substitución en el diligenciamiento del emplazamiento," o sea, por virtud de la publicación del emplazamiento en un periódico, y echando al correo una copia del mismo según dispone el estatuto.

Debe observarse un método distinto pudiendo la corte adquirir jurisdicción mediante procedimientos *in rem.* Esto es, en los casos en que la ley autoriza la expedición de un embargo y el secuestro de la propiedad perteneciente al demandado, y que está situada dentro de la jurisdicción territorial de la corte, puede hacerse el diligenciamiento del emplazamiento por edictos, y obtenerse una sentencia válida como consecuencia del mismo. Además, en la expedición del embargo e imposición del mismo en propiedad radicada dentro de la jurisdicción de la corte, deben observarse estrictamente los estatutos que regulan tales procedimientos para hacer efectivo el diligenciamiento. (Artículo 94 del Código de Enjuiciamiento Civil, leyes de la sesión de 1904, pág. 212; *Morse* v. *U. S. to use of Hine,* 29 App. D. C., 442.)

Pasando ahora al segundo error que se dice haberse cometido por la corte inferior, y concediendo en beneficio de la discusión que el emplazamiento fué expedido en debida forma, debemos investigar si fué publicado o nó por el tiempo que la ley exige.   La fijación de este término hasta cierto punto está sometido a la discreción del juez que ordena la publicación, limitándose el estatuto simplemente a disponer que se haga la publicación "por tanto tiempo como sea razonable, por lo menos una vez a la semana," pero "por no menos de un mes." Este término debe determinarse y fijarse al hacer la orden el juez.   (Artículo 95 del Código de Enjuiciamiento Civil, ley de las Sesiones de 1904, pág. 212.)   La orden en el presente caso es como sigue:

"Que el servicio de emplazamiento en esta causa se haga a la demandada, Eugenia Teillard, por medio de edictos que se publicarán en el periódico de mayor circulación de esta ciudad o de San Juan, a elección del demandante, haciéndose dicha publicación por lo menos una vez por semana durante un período de 40 días y enviándose también una copia del emplazamiento y de la demanda, bajo sobre certificado, a la anterior residencia de la demandada en Grenoble, Francia."

Parece que el término que en la orden se fijaba como razonable fué "un período de cuarenta días."   Al dictar esta orden y fijar el término necesario para el emplazamiento, ejercitó de una vez toda su discreción, convirtiéndose la orden así dictada en la ley que regía los procedimientos del caso.   Ahora bien, ¿se cumplió dicha orden?.

La primera publicación se hizo el jueves día 3 de febrero y la última el martes día 8 de marzo.   Este período comprende, incluyendo ambas fechas, treinta y cuatro días.

Se alega que al contar el tiempo para la publicación, el cómputo debe hacerse por semanas, y que toda la semana en que se hace cada publicación debe incluirse al calcularse el período de la publicación; por lo tanto, empezando el mes de febrero en domingo debe contarse todo ese mes, o sea un término de veinte y ocho días, y que el 8 de marzo, que fué

cuando se hizo el último edicto, fué jueves, debió extenderse el término desde ese día hasta el fin de la semana, o sea el sábado día doce, y agregándose doce días de marzo a los veinte y ocho de febrero formarían cuarenta días, completándose así el término exigido.

Pero es innecesario determinar el tiempo por medio de este método para mostrar que podían comprenderse los cuarenta días por medio de este engaño. Dice la orden que la publicación se hará por un término de *cuarenta días,* no pudiendo razonablemente ser interpretada dicha orden como significativa de alguna otra cosa, sino de que el tiempo que transcurre de la primera a la última semana de la publicación, será por lo menos de cuarenta días. Si la orden hubiera fijado el término por semanas en vez de días, podría dársele otra interpretación; pero ella habla de *días* y significa *días.* (*Morse* v. *U. S.,* 29 App. D. C. 433.) Pero el tiempo requerido para el *diligenciamento del emplazamiento* en todo el Código de Enjuiciamiento Civil está expresado en días, y en este caso el emplazamiento se ajusta al estatuto en este particular.

Era inútil que el juez de la corte inferior exprese en la orden de 13 de mayo que considera que "el demandado ha tenido suficiente aviso" y que " el emplazamiento fué publicado por un término suficiente;" la cuestión ya estaba fuera de su discreción, y la única cuestión que quedó sometida a su consideración fué la de si la orden que había sido dictada previamente, había sido cumplida y llevada a efecto.

Según la consideración que hemos hecho, dicha orden no se llevó a efecto y el diligenciamiento del emplazamiento no fué completo. La publicación del aviso durante el debido tiempo, era necesario para conferir jurisdicción a la corte inferior sobre la persona del demandado, y dictar sentencia contra una persona que reside fuera de su jurisdicción. No habiéndose adquirido jurisdicción, la sentencia dictada por la corte de Distrito de Mayagüez en 13 de mayo de 1910, debe

revocarse, y devolverse el caso para los debidos procedimientos.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, Wolf y del Toro.