Eugenio Rodríguez Suárez, demandante, apelado y apelante, *v.* The San Juan Fruit Co., demandada, apelante y apelada.

Núm. 8310.—*Sometido:* Marzo 25, 1942. *Resuelto:* Mayo 20, 1942.

*Damián Monserrat, Jr., Gabriel de la Haba y Rafael Baragaño, Jr.,* abogados del apelado y apelante; *R. H. F. Dottin,* abogado de la apelante y apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Titulóse este pleito en un principio de "Rescisión de contrato y daños y perjuicios." Alegó la demandada que la demanda no aducía causa de acción, y la corte declaró su excepción con lugar.

Enmendó el demandante su demanda, titulando su acción de "Resolución de contrato de compraventa, saneamiento y daños." Pidió la demandada la eliminación de la demanda enmendada y la corte desestimó su petición. Excepcionó entonces la demanda, y sus excepciones se declararon sin lugar. Contestó.

Trabada la contienda, fué el pleito a juicio, quedando resuelto por sentencia de marzo 27, 1940 que declaró "resuelto el contrato de compraventa celebrado el 20 de diciembre de

1920 entre el demandante y la demandada" y condenó a ésta a devolver a aquél "seiscientos dólares, importe del precio de dicho contrato, con intereses al 6 por ciento anual y, además, $1,100 que tuvo que pagar el demandante al Sr. Ruiz de Porras y $600 de gastos y honorarios de abogados incurridos por el demandante en los pleitos anteriores, con costas y honorarios de abogado que se fijan en $200."

Contra esa sentencia apelaron ambas partes, la demandada de su totalidad y el demandante porque le negó su alegado derecho a recobrar el importe de las cañas sembradas en la finca de que se trata. Ambos recursos se tramitaron conjuntamente y serán considerados en esta opinión, comenzándose por el de la demandada, y resueltos por una sola sentencia.

Cuatro errores señala en su alegato la apelante como cometidos por la corte sentenciadora (a), al permitir al demandante variar su causa de acción; (b), al no declarar prescrita la acción ejercitada; (c), al resolver que la demandada fué suficientemente notificada de la existencia del pleito en que se resolvió que la finca de que se trata pertenecía a la Star Fruit Company, y (d), al no declarar culpable de negligencia al demandante y al no desestimar su acción por tal motivo.

¿Varió su causa de acción el demandante? Ya dijimos que la tituló primero "de rescisión de contrato y daños y perjuicios" y luego "de resolución de contrato de compraventa, saneamiento y daños." Aparentemente hubo, pues, un cambio, pero para saber si en verdad la causa fué variada o siguió siendo la misma que desde un principio surgía, aunque de modo imperfecto, de los hechos alegados, precisa conocer las dos demandas.

En la primera el demandante alegó en resumen que la demandada The San Juan Fruit Co., una corporación del Estado de Nueva York, con su oficina principal en Dunkirk, Nueva York, que hacía negocios en esta isla, donde tenía su

representante, le vendió en $600 por escritura pública otorgada en diciembre 20, 1920, la finca de diez cuerdas que describe; que tomó posesión de la misma y la cultivó de cañas de azúcar, vendiéndola en $1,200 a F. Ruiz de Porras, cuya venta fué rescindida por sentencia, teniendo el demandante que devolver a Ruiz de Porras el precio que le pagara; que al ir a tomar posesión de nuevo de la finca, no pudo hacerlo porque The Star Fruit Company, una corporación extranjera que hacía negocios en la isla, se había posesionado de la misma y se negó a entregársela, motivo por el cual inició contra ella un pleito de reivindicación que fué fallado en contra suya por entender la corte que la finca era propiedad de The Star Fruit Company y no de su vendedora, The San Juan Fruit Company, demandada en este pleito.

Excepcionada la demanda por falta de hechos determinantes de la acción ejercitada, la corte declaró la excepción con lugar, por no alegarse ninguno de los vicios que especifica el artículo 1243 del Código Civil, ed. 1930, como determinantes de la rescisión de los contratos. En su orden la corte llamó la atención a la frecuencia con que se confunden los términos rescisión y resolución y concedió permiso para enmendar.

La enmienda fué presentada con el título que conocemos. Permanecieron en ella las alegaciones básicas de la primera demanda que dejamos resumidas, alegándose además que el demandante puso en conocimiento de la demandada por medio de su apoderado en esta isla el hecho de que Ruiz de Porras lo había demandado pidiendo la resolución del contrato por haber sido molestado en la posesión de la finca, y el de que fallado el pleito a favor de Ruiz de Porras, no pudo posesionarse de nuevo de la finca por ocuparla The Star Fruit Company, a quien había demandado en reivindicación, pidiéndole en tiempo ayuda para esclarecer los hechos, limitándose la demandada a prestarle un plano de las fincas de su propiedad de las cuales se había segregado la vendida al de-

mandante; que siguió con toda diligencia el pleito de reivindicación, que se falló en su contra por sentencia que quedó firme, perdiendo en su consecuencia todo derecho a recobrar la finca que le vendió la demandada haciendo ostentación de ser su dueña y obligándose al saneamiento en caso de evicción.

Siendo ése el caso, creemos que tuvo razón la corte sentenciadora al resolver que la causa de acción no fué variada. Aunque se tituló de rescisión en la demanda original, nunca lo fué, siéndolo desde entonces, en caso de existir, de resolución, y es bien sabido que son los hechos alegados y no el título los que constituyen la base determinante de la existencia de la causa de acción. *The Juncos Central Co.* v. *Rodríguez,* 16 D.P.R. 302, 308.

Y a esa conclusión llegaríamos siempre aunque existiera duda sobre si la acción ejercitada era la típica de resolución o más bien la especial de saneamiento, porque sus hechos básicos continuarían siendo iguales en las dos demandas, perfeccionada la segunda a virtud de la enmienda consistente en las adiciones a que acabamos de referirnos. No fué, pues, cometido el primero de los errores señalados.

■ Alterando el orden del señalamiento de errores, pasaremos ahora al estudio del tercero.

Sostiene la apelante que no habiendo su comprador, el demandante, cumplido con lo ordenado expresamente por la ley en cuanto a la notificación de la demanda de evicción, no viene ella, la vendedora, obligada al saneamiento, y a primera vista parece que le asiste la razón, mas no así si se estudia detenidamente el caso.

Dispone el artículo 1350 del Código Civil, ed. 1930, que el vendedor está obligado a la entrega y saneamiento de la cosa objeto de la venta, y seguidamente el 1351 que se entenderá entregada la cosa vendida cuando se ponga en poder y posesión del comprador, equivaliendo el otorgamiento de la escritura pública a la entrega cuando se haga la venta por ese medio.

No hay cuestión en este pleito sobre la entrega de la cosa vendida. No sólo se celebró el contrato mediante escritura pública si que el comprador de hecho se posesionó de la finca y la cultivó, vendiéndola a su vez a otra persona.

Pero sucedió que esa otra persona fué inquietada en la posesión y pidió y obtuvo ante las cortes la resolución del contrato y al ir el demandante a tomar posesión de nuevo, encontró la finca ocupada por The Star Fruit Company que se negó a entregársela, y ante esa situación la demandó, perdiendo el pleito por sentencia basada en que la verdadera dueña lo era la ocupante y no el demandante ni su vendedora The San Juan Fruit Company. Y fué entonces que surgió el deber de sanear que la ley y el contrato impusieron de consuno a la demandada.

Tendrá lugar la evicción cuando se prive al comprador, por sentencia firme y a virtud de un derecho anterior a la compra, de toda o parte de la cosa comprada, dice el artículo 1364 del Código Civil, ed. 1930, y agrega el 1370 que el vendedor sólo estará obligado al saneamiento que corresponda, cuando resulte probado que se le notificó la demanda de evicción a instancias del comprador.

Sobre el hecho de haber quedado privado el comprador en este caso de la cosa comprada por sentencia firme y a virtud de un derecho anterior a la compra, nos parece tan claro que así sucedió, que no nos detendremos en discutirlo. La peculiaridad de este caso consiste en que en él no pudo ser citada de evicción la vendedora porque el demandante comprador no fué demandado, si que no hallándose en posesión de la cosa vendídale, se vió obligado a demandar al que se posesionó de la misma. Y sería injusto privar a un comprador en situación semejante de su derecho al saneamiento.

Con el pensamiento puesto en situación semejante, comentando Manresa disposiciones del Código Civil español iguales a las del nuestro, se expresa como sigue:

"Por último, la sentencia firme que determina el hecho de la evicción, ¿es menester que recaiga en un procedimiento en el cual el comprador sea precisamente demandado? Así parece deducirse de la letra de los artículos 1,481 y 1,482, que hacen depender el derecho al saneamiento del hecho de la notificación de la demanda que contra el comprador se dirija.

"Supongamos, sin embargo, el siguiente caso: Un comprador es víctima de una perturbación de hecho; como tiene acción directa contra el perturbador, interpone el correspondiente interdicto; pero el Tribunal no da lugar a él, reservándole el ejercicio de la acción reivindicatoria si estima que le asiste. Otro caso: un tercero promueve contra el comprador interdicto de retener o de recobrar la posesión, y obtiene resolución en su favor. El comprador entonces pretende reivindicar el objeto o finca o derecho que se le ha arrebatado, y para ello notifica oportunamente al vendedor. Si seguido el juicio se declara que la propiedad pertenecía en el primer caso al que aparece como perturbador y que en realidad resulta no serlo, o en el segundo al que interpuso el interdicto, ¿puede interponerse contra el vendedor la acción de evicción para obtener el saneamiento?

"En nuestra opinión, sí. ¿Qué importa que el comprador haya sido demandante o demandado en ese pleito? Lo cierto es que en el procedimiento adecuado, por mandato del Juez competente y en virtud de causa anterior a la compra (lo cual se supone en el ejemplo propuesto), el comprador se ha visto desposeído de la cosa comprada. Estos hechos, y no otros, son los que dan lugar al saneamiento, y a ellos hay que atender: el que el comprador sea demandante o demandado es cuestión puramente circunstancial que nada puede influir en la efectividad de los derechos. Debe exigirse al comprador desde luego que antes de interponer el juicio ordinario requiera al vendedor para que le defienda o le suministre medios de defensa; pero una vez cumplido este requisito, que viene a ser en este caso lo que la notificación de la demanda en el caso de que el comprador sea demandado, el derecho de éste al saneamiento es para nosotros indudable.

"Pero la acción reivindicatoria ¿podrá entablarla el comprador? ¿No será más bien un derecho, o, si se quiere, hasta una obligación del mismo vendedor, que responde de la evicción? Para nosotros, la acción reivindicatoria es inseparable del dominio, y como el dueño, mediante la tradición, es el comprador, a él corresponde entablar la

acción, aunque el vendedor le preste ayuda y defensa.'' 10 Manresa, Comentarios al Código Civil, 4ta. ed., 1931, Editorial Reus, pág. 169.

Parece propio llamar la atención hacia el hecho de que la alegación de notificación a la vendedora quedó comprobada en el juicio al demostrarse que el demandante puso en conocimiento·de la demandada mediante cartas la existencia del pleito de reivindicación que se vió obligado a iniciar contra The Star Fruit Company; que requirió la ayuda de dicha demandada, notificándola en tiempo del señalamiento del juicio y advirtiéndole de que lo que fuera a hacer debía hacerlo en seguida, limitándose la demandada a prestarle un plano y a que su agente fuera a declarar como declaró en el juicio. Las anteriores dificultades que tuvo el comprador también demuestra la evidencia que fueron puestas en conocimiento de la vendedora. Todo ello constituye, a nuestro juicio, un cumplimiento sustancial de la ley, no habiendo en su consecuencia cometido la corte el tercero de los errores que se le atribuyen.

■■ Veamos ahora si erró o no al declarar que la acción ejercitada no había prescrito.

Ambas partes están conformes en que el término de prescripción aplicable es el de quince años, pero difieren en el punto de partida para su computación. Para la demandada ese punto es el de la fecha de la consumación del contrato de compraventa, o sea, aquella en que el demandante entró en posesión de la cosa vendida, en este caso diciembre 20, 1920. Para el demandante el término no empieza a correr hasta la fecha en que se resuelve por sentencia que la finca no pertenecía al comprador a virtud de un derecho anterior a la compra, en este caso noviembre 28, 1934.

A nuestro juicio, disponiendo como dispone el artículo 1369 del Código Civil, ed. 1930, que el saneamiento no podrá exigirse hasta que haya recaído sentencia firme por la que se condene al comprador a la pérdida de la cosa adquirida

o de parte de la misma, el término no comienza a correr hasta el momento en que la obligación es exigible, no habiendo por tanto errado la corte de distrito al así resolverlo.

Tampoco erró dicha corte al declarar sin lugar la defensa de negligencia (*laches*).

En su relación del caso y opinión dijo la corte sentenciadora: "Se ha probado, además, que el demandante se dilató en la tramitación de sus pleitos debido a que tuvo que cambiar de abogados dos veces y además por falta de recursos." Y así fué en efecto. No obstante lo largo de este proceso de contratos, dificultades y pleitos se advierte a través del mismo que el demandante personalmente hizo cuanto pudo por defender la propiedad que había comprado, perdiéndola al fin de modo definitivo porque falló el título de su vendedor.

Se insiste por la demandada apelante en que el demandante pudo y debió apelar de la sentencia que declaró sin lugar su demanda de reivindicación y no lo hizo.

No estamos conformes en que la apelación fuera un deber ineludible. Si el demandante quedó convencido de la justicia del fallo, no tenía la obligación de apelar. Y al tomar esa actitud no perjudicó su derecho al saneamiento. Como dice Manresa en sus ya citados comentarios:

"¿Podrá el vendedor negarse a la obligación de sanear alegando que si bien hay una sentencia firme que condena al comprador, tal sentencia es firme por la voluntad de éste? Entendemos que no, y que el derecho del comprador no sufre el más mínimo perjuicio por no haber apelado.

"La razón es clara, en nuestra opinión: en primer lugar, el Código exige una sentencia firme, y como uno de los modos por los que puede quedar *legalmente* firme una sentencia es por el consentimiento de los litigantes, y esto no se le podía ocultar al Código, es visto que en existiendo una sentencia firme, sea cual fuese el origen (siempre origen legal) de su firmeza, se debe entender satisfecha la exigencia de la ley. En segundo lugar, el vendedor ha sido notificado de la demanda, ha podido muy bien seguir el pleito y hacer uso de todos

los recursos posibles; si no lo ha verificado, impútese las consecuencias de su omisión. No tiene en realidad derecho a pedir del comprador una diligencia que él no ha tenido y que estaba más obligado a observar, puesto que la causa de la evicción ha de ser anterior a la compra, como después veremos.'' 10 Manresa, Comentarios al Código Civil, 4ta. ed., 1931, Editorial Reus, pág. 166.

No es este caso en verdad un modelo de gestión legal por parte de un comprador que se encuentre en la situación en que se encontró el demandante. Mucho de deficiente se advierte en él desde un principio, pero por encima de todas las deficiencias surge el hecho fundamental de la pérdida de la propiedad vendídale porque su vendedor no era dueño de la misma. Y es ese hecho el que debe predominar para impartir justicia en el mismo de acuerdo con las claras prescripciones de la ley.

Procederemos ahora al estudio del recurso interpuesto por el demandante. Un solo error señala, el que imputa como cometido por la corte al declarar que el importe de las cañas que el demandante sembró y cultivó, no puede determinarse, por no existir prueba específica a ese respecto.

Al discutirlo, el apelante transcribe en su alegato la prueba que a su juicio existe y que consiste en su propia declaración. La hemos leído y pesado y la encontramos imprecisa, contradictoria a veces. Además, ella misma pone de manifiesto la existencia de otra prueba concreta sobre el particular—las cuentas de la Central Vannina—que no fué presentada. La conclusión a que llegó la corte está, pues, justificada. No hubo error.

*Deben desestimarse ambos recursos y confirmarse en todas sus partes la sentencia apelada.*

Los Jueces Asociados señores De Jesús y Todd, Jr., no intervinieron.