YABUCOA SUGAR COMPANY, demandante y apelante, *v.* RAFAEL FABIÁN, hoy su Sucesión, compuesta de su hija JOSEFINA FABIÁN FINLAY, demandante y apelada.

Núm. 8566.—*Sometido:* Febrero 11, 1943. *Resuelto:* Marzo 1, 1943.

*Francisco González Fagundo,* abogado de la apelante; *Hugh R. Francis,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La Yabucoa Sugar Company radicó ante la Corte de Distrito de Humacao una demanda sobre saneamiento, contra Josefina Fabián Finlay, como única heredera de su padre don Rafael Fabián. Los hechos esenciales de la demanda, admitidos por la excepción previa interpuesta por la demandada, son como sigue:

En el año 1907, The Yabucoa Sugar Company adquirió por compra a don Rafael Fabián una finca rústica radicada en Yabucoa. En agosto 30 de 1927, René Cintrón Parra radicó ante la Corte de Distrito de Humacao una demanda

sobre reivindicación de la mencionada finca. Emplazada la Yabucoa Sugar Company, solicitó ésta que se citara de evicción al vendedor Señor Fabián y así lo ordenó la corte en septiembre 15 de 1927. Expedido el emplazamiento, y no pudiendo notificarse personalmente al Sr. Fabián por encontrarse en Europa, en octubre 20 de 1927 la corte ordenó que se le citara y emplazara mediante la publicación del emplazamiento y de la moción en el periódico "La Democracia", una vez por semana durante cuarenta días. En cumplimiento de dicha orden, se publicó el emplazamiento en los días 1, 8, 15, 22 y 29 de noviembre y 5 de diciembre de 1927. Fabián no compareció a defender el derecho de The Yabucoa Sugar Company. La Corte de Distrito de Humacao dictó sentencia desestimando la demanda interpuesta por René Cintrón Parra. Apelada dicha sentencia fué revocada por la dictada por esta Corte Suprema en 22 de julio de 1931, 42 D.P.R. 692, decretando que el demandante Cintrón Parra debía recobrar la mitad de la finca objeto del litigio juntamente con los frutos de la misma de acuerdo con la ley. Alega la aquí demandante y apelante, que en cumplimiento de dicha sentencia se vió obligada a pagar a Cintrón Parra la suma de $13,752.41, como importe de los frutos de la finca; que además de esa suma, fué privada de una mitad del inmueble, de un valor de $15,000 y se vió obligada a gastar la suma de $3,000 en la defensa del pleito; y pide que se condene a la demandada a pagarle la suma de $31,752.41, más intereses y costas.

En junio 30 de 1937, la Corte de Distrito de Humacao declaró con lugar la excepción previa y concedió a la corporación demandante un plazo de diez días para enmendar su demanda, si fuere posible.

Solicitada y denegada la reconsideración, la Yabucoa Sugar Company radicó una demanda enmendada, en la cual se expone una segunda causa de acción. Se reproducen en ésta todas las alegaciones de la demanda original y se alega:

2. Que Fabián designó al abogado Toro Cabañas, de San Juan, para que lo representara en este asunto, y que dicho letrado, en representación de Fabián y después de fallado el pleito por la Corte Suprema, celebró varias entrevistas con la corporación demandante y su representante, "tratando de fijar la cuantía de los frutos y de llegar a una transacción, dándose por tanto, por notificado de la demanda presentada en el caso núm. 12,496."

3. Que en el momento en que vendió la finca a la demandante, Fabián sabía que no tenía título ni derecho alguno válido sobre la mitad de la finca que aparecía adquiriendo de Zoilo Cintrón; y que a pesar de tener tal conocimiento, le vendió la totalidad de la finca a la demandante, resultando por tanto inexistente el contrato de compraventa en cuanto a la mitad de la finca.

La demandada solicitó la eliminación de los párrafos 2° y 3° de la segunda causa de acción y formuló excepción previa a la demanda enmendada, alegando que los hechos expuestos, tanto en la primera como en la segunda causa de acción son insuficientes y que la alegada segunda causa de acción es ininteligible y dudosa. En abril 20 de 1942 la corte inferior ordenó la eliminación de los párrafos 2° y 3° de la segunda causa de acción y dictó sentencia desestimando la demanda con costas a la demandante. Alega ésta en apoyo de su recurso de apelación que la sentencia recurrida es contraria a derecho.

La única cuestión a resolver es si el emplazamiento del Sr. Fabián, hecho en la forma alegada en la demanda, fué legalmente suficiente para citarlo de evicción y someterlo a la jurisdicción de la Corte de Distrito de Humacao. Si Fabián no fué debidamente citado de evicción, su heredera, la demandada, no está obligada al saneamiento.

El artículo 1370 del Código Civil dispone que el vendedor estará obligado al saneamiento "siempre que resulte probado que se le notificó la demanda de evicción a

instancia del comprador.'' Y el 1371 del mismo cuerpo legal provee que el comprador demandado deberá solicitar dentro del término que la ley le concede para contestar la demanda, que ésta sea notificada al vendedor, debiendo hacerse la notificación en la misma forma establecida por la ley para emplazar a los demandados.

En el caso de autos, el emplazamiento fué publicado seis veces, la primera el día 1º de noviembre y la última el 5 de diciembre de 1937. Es evidente que desde el día de la primera hasta el de la última publicación habían transcurrido solamente 35 de los 40 días durante los cuales, de acuerdo con la orden de la corte, debía publicarse el emplazamiento.

Sostiene la demandante apelante que el Código de Enjuiciamiento Civil es el que determina la manera de expedir los emplazamientos y la forma de notificarlos a los demandados no residente; e insiste en que la publicación en el caso de autos se ajustó a la ley pues fué hecha ''en todas las semanas comprendidas dentro de este término de cuarenta días.''

La misma cuestión que estamos aquí considerando fué considerada y resuelta en contra de la apelante en *Huete* v. *Teillard,* 17 D.P.R. 49, en el que los hechos eran idénticos a los del presente caso. Esta Corte Suprema se expresó así:

''Pero es innecesario determinar el tiempo por medio de este método para mostrar que podían comprenderse los cuarenta días por medio de este engaño. Dice la orden que la publicación se hará por un término de *cuarenta días,* no pudiendo razonablemente ser interpretada dicha orden como significativa de alguna otra cosa, sino de que el tiempo que transcurre de la primera a la última semana de la publicación, será por lo menos de cuarenta días. Si la orden hubiera fijado el término por semanas en vez de días, podría dársele otra interpretación; pero ella habla de *días* y significa *días.* (*Morse* v. *U. S.,* 29 App. D. C. 433.) Pero el tiempo requerido para el *diligenciamiento del emplazamiento* en todo el Código de Enjuiciamiento Civil está expresado en días, y en este caso el emplazamiento se ajusta al estatuto en este particular.

''Era inútil que el juez de la corte inferior exprese en la orden de 13 de mayo que considera que 'el demandado ha tenido suficiente

aviso' y que 'el emplazamiento fué publicado por un término suficiente;' la cuestión ya estaba fuera de su discreción, y la única cuestión que quedó sometida a su consideración fué la de si la orden que había sido dictada previamente, había sido cumplida y llevada a efecto.''

La distinción que tan hábilmente trata de establecer la parte apelante entre el caso de *Huete* v. *Teillard,* supra, y el presente, aun cuando existiese, no sería suficiente para hacer inaplicable el primero a la decisión del segundo. Sostiene la apelante que en el caso de *Huete* la publicación del emplazamiento se hizo para someter a un demandado a la jurisdicción de la corte que ordenó la citación por edictos;, que en el caso de autos, el objeto de la publicación es solamente el de dar aviso al vendedor de que se ha presentado una demanda de reivindicación en relación con la finca que él vendió, para que se persone en el pleito a defenderlo si lo cree conveniente; y que hay que distinguir entre estas notificaciones especiales del Código Civil y las notificaciones que determinan los artículos 89 y siguientes del Código de Enjuiciamiento Civil.

Ya hemos visto que el artículo 1370 del Código Civil requiere como condición precedente al ejercicio de la acción de saneamiento, que la demanda de evicción haya sido notificada al vendedor a instancia del comprador. Y el artículo 1371 del mismo código provee expresamente que ''la notificación se hará como la misma ley establece para emplazar a los demandados'', o sea de acuerdo con lo que determinan los artículos 89 y siguientes del Código de Enjuiciamiento Civil.

En sus comentarios a los artículos 1481 y 1482 del Código Civil Español, que son los equivalentes al 1370 y 1371 del nuestro, dice Manresa:

''...El comprador tiene únicamente una sola condición que cumplir: la de que se notifique la demanda; en resultando esto probado, su derecho al saneamiento es perfecto, sin que nada pueda oponer el vendedor. He aquí la preparación del ejercicio de la acción de evicción de que hablamos en el comentario del precedente artículo:

el saneamiento, según el art. 1480, no podrá exigirse hasta que haya recaído sentencia firme; pero la acción de evicción se prepara antes de esa sentencia, haciendo que la demanda se notifique al vendedor.

"Faltando la notificación—concluye el artículo 1841—el vendedor no estará obligado al saneamiento; con lo que queda determinado de un modo claro, que el efecto del incumplimiento por parte del comprador del hecho que condiciona su derecho, es la absoluta pérdida de éste.

 ✻ ❋ ✻ ❋ ❋ ✻ ❋ ❋

"En cuanto a la manera de hacer la notificación, sea quien fuere la persona a quien se dirija, el párrafo 2º. del artículo 1842 dice que será como la ley de Enjuiciamiento Civil establece para emplazar a los demandados. Es decir, que en substancia esta notificación es un verdadero emplazamiento; y no podía ser de otra manera, pues si bien tiene por objeto, en lo que respecta al comprador, dejar preparada la acción de evicción, en cuanto al vendedor tiende en realidad a evitarle perjuicios ahorrándole el saneamiento si demuestra que la acción interpuesta contra el comprador es injusta, lo que sólo puede demostrar en el pleito, para lo cual necesita ser emplazado." (Manresa, Com. al Código Civil, Vol. 10, 4ª ed., págs. 196 *et seq.*)

Resolvemos, pues, de acuerdo con las autoridades citadas, que la citación de un vendedor en caso de evicción debe hacerse en cumplimiento estricto de las disposiciones de los artículos 94 y 95 del Código de Enjuiciamiento Civil y de la orden de la corte decretando la publicación de los edictos; y que la publicación del emplazamiento en el caso de autos no fué suficiente para obligar a Rafael Fabián, ni tampoco a su heredera, al saneamiento de la venta. La que se hizo, no fué una publicación "durante cuarenta días", según lo ordenó la corte de distrito.

La demandante apelante ha tratado en vano de revivir la causa de acción para el saneamiento, perdida por la insuficiencia de la notificación que de la demanda de evicción se hiciera al vendedor Fabián. Y a ese efecto, alegó que un abogado, en representación de Fabián, "y después de fallado el pleito en la Corte Suprema" declarando con

lugar la demanda de evicción, celebró entrevistas con los representantes de Yabucoa Sugar Company, con el propósito de llegar a una transacción de la presente acción de saneamiento.

Aceptando que las alegadas negociaciones entre el abogado Toro Cabañas y los representantes de The Yabucoa Sugar Company fueran en realidad celebradas, habiéndose celebrado las mismas después de fallado definitivamente por la Corte Suprema el pleito de evicción, en el cual Fabián no tuvo oportunidad de intervenir por no haber sido debidamente emplazado, el mero hecho de haber celebrado esas negociaciones no puede tener como efecto legal retrospectivo el de curar el defecto en el emplazamiento, que según hemos resuelto, no se hizo de acuerdo con la ley. Esas negociaciones no podían ser en manera alguna suficientes para conferir a la corte de distrito jurisdicción sobre la persona de Fabián, cuando ya el pleito había terminado por sentencia firme de esta Corte Suprema. La alegación de que por el hecho de haber celebrado negociaciones para transigir el pleito de saneamiento, Fabián se dió "por tanto por notificado de la demanda presentada en el caso número 12,496", sobre reivindicación, es una conclusión de derecho, errónea e insostenible, y la corte inferior no erró al decretar su eliminación.

Nuestra decisión en *Rodríguez v. The San Juan Fruit Company,* 60 D.P.R. 437, citada por la parte apelante en su alegato suplementario, en nada ayuda su contención de que habiendo tenido Fabián conocimiento de la demanda de reivindicación entablada contra The Yabucoa Sugar Company, no era necesario que se le citara de evicción. Ya hemos visto, en primer término, que lo que se alega es que Fabián tuvo conocimiento de la existencia del pleito después de haber terminado éste definitivamente. Además, el caso de *Rodríguez v. The San Juan Fruit Company,* supra, presentaba una situación completamente distinta a la del caso que estamos

considerando. En el de Rodríguez, éste compró una finca a la San Juan Fruit Company y al ir a tomar posesión de ella no pudo hacerlo porque The Star Fruit Company se había posesionado del inmueble y se negó a entregarlo. Rodríguez inició demanda de reivindicación contra The Star Fruit Company y notificó por carta a The San Juan Fruit Company, la vendedora, requiriendo su ayuda; y le avisó en tiempo del señalamiento del juicio. La vendedora prestó un plano a Rodríguez y envió a su agente a declarar en el juicio. Fallado el pleito en su contra y a favor de The Star Fruit Company, Rodríguez demandó entonces a la vendedora The San Juan Fruit Company exigiéndole el saneamiento de la venta. La demandada alegó en su defensa que no había sido citada de evicción. Al confirmar la sentencia dictada a favor de Rodríguez, esta Corte se expresó así:

"...La peculiaridad de este caso consiste en que en él no pudo ser citada de evicción la vendedora porque el demandante comprador no fué demandado, si que no hallándose en posesión de la cosa vendídale, se vió obligado a demandar al que se posesionó de la misma. Y sería injusto privar a un comprador en situación semejante de su derecho al saneamiento."

Se resolvió, además, que la notificación hecha por Rodríguez a la vendedora sobre la existencia del pleito; el requerimiento para que le ayudara a defender su título; y el aviso de la fecha del juicio, constituían un cumplimiento substancial de la ley. En el caso de autos no se cumplió ni siquiera substancialmente el requisito legal que la ley impone al comprador cuando es demandado, como lo fué en este caso, de citar de evicción al vendedor.

*No erró la corte inferior al desestimar la demanda. La sentencia recurrida debe ser confirmada.*